UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN B. DEFONTES | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:06 cv 1126 (MRK) |
| | : | |
| THE MAYFLOWER INN, INC., | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

Currently pending before the Court is Plaintiff John B. DeFontes's Motion for Leave to File Amended Complaint [doc. # 40], in which Mr. DeFontes seeks to add a Sixth Count based on a claimed breach of an employment handbook. Defendant, the Mayflower Inn, Inc. ("Mayflower") objects to the proposed amendment as untimely, prejudicial and futile. *See* Objection to DeFontes' Motion for Leave to File Amended Complaint [doc. # 43]. The Court DENIES Motion for Leave to File Amended Complaint [doc. # 40].

While Rule 15 of the *Federal Rules of Civil Procedure* provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), it is Rule 16, and not Rule 15, that governs when the Court has issued a scheduling order fixing a date for the filing of amended pleadings. *See, e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"). Under Rule 16, a schedule shall not be modified "except upon a showing of good cause." Fed. R. Civ. P. 16(b).

In this case, the Court issued a Scheduling Order [doc. # 16] on September 5, 2006, after

receiving the parties' Rule 26(f) Report [doc. # 13] and conferring with the parties telephonically [doc. # 17]. The Scheduling Order adopted the parties' proposed timetable for amendments and set September 11, 2006 as the date for filing amendments to pleadings. Thereafter, the parties engaged in discovery. After being extended once, *see* Order [doc. # 27], all discovery ended on May 2, 2007. In accordance with the schedule, Mayflower then filed a motion for summary judgment [doc. # 32] on June 7, 2007. Mr. DeFontes filed an opposition [doc. # 36] to the motion for summary judgment on July 6, and Mayflower filed a reply [doc. # 18] on July 18. Thus, as of July 18, all discovery had closed and a fully briefed motion for summary judgment was on file with the Court.

Mr. DeFontes did not file the present motion to amend until nearly a month later, on August 29, 2007. The only reasons offered by Mr. DeFontes for filing the motion to amend at this late date is that he was provided a copy of the handbook during discovery. However, Mayflower represents (and Mr. DeFontes does not contest) that it provided Mr. DeFontes with a copy of the handbook on or about November 2, 2006, approximately ten months before Mr. DeFontes sought to file his proposed amendment. Mr. DeFontes offers no explanation, let alone a good one, for why he delayed asserting this new claim for ten months and after discovery had closed and after the parties had fully briefed a motion for summary judgment.

In the circumstances, therefore, the Court finds that Mr. DeFontes has not shown good cause for modifying the Scheduling Order or allowing him to file an untimely amendment to his pleadings. Furthermore, Mr. DeFontes's new claim would require the parties to engage in further discovery and further briefing in connection with the pending summary judgment motions. Since discovery has closed and since Mayflower has already fully briefed its motion for summary judgment, the Court finds that Mayflower would be severely prejudiced if the Court were to allow the proposed

amendment.[1] *See Campoli v. Chubb Group of Ins. Cos.*, No. 3:04CV1004 (MRK), 2006 WL 57391, at *6 (D. Conn. Jan. 9, 2006); *Lau v. Merriam Motors, Inc.*, No. 3:04CV971 (MRK), 2006 WL 1328785, at *1 (D. Conn. Feb. 22, 2006).

Because the Court finds that Mr. DeFontes has not satisfied the good cause standard of Rule 16, the Court DENIES Plaintiff's Motion for Leave to File Amended Complaint [doc. # 40].

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **September 27, 2007**

---

[1] In view of these findings, the Court need not, and does not, reach Mayflower's futility argument.

3